MAX E. BLOCH, Plaintiff, *v.* GUARANTY TRUST COMPANY OF NEW YORK and CHARLES S. HIRSCH and Others, Copartners as HIRSCH, LILIENTHAL & Co., Defendants.

Supreme Court, New York Special Term, December, 1922.

**Practice — taking party's testimony before trial — service on attorney sufficient — stay.**

It is not necessary to serve a notice to take plaintiff's testimony pursuant to section 290 of the Civil Practice Act upon him personally.

Where the notice is served on his attorney and plaintiff willfully disregards it all proceedings by him in the action will be stayed until he submits to examination.

MOTION to punish plaintiff for contempt.

*Benjamin Chess,* for plaintiff.

*Stetson, Jennings & Russell* (*Theodore Kiendl*, of counsel), for defendant Guaranty Trust Company.

*Mark G. Holstein*, for defendants Hirsch and others.

MARSH, J.  The defendants duly served on plaintiff's attorney pursuant to section 290 of the Civil Practice Act a notice for the taking of the plaintiff's testimony before trial.  No motion was made to vacate or modify the notice, nor is any objection now urged to its regularity and sufficiency.  The plaintiff failed to appear at the time and place specified.  He offers no excuse and his default must, therefore, be taken as willful.  When the defendant now seeks to punish him he claims to be immune because no subpœna was served upon him personally.  It seems that under section 405 of the Civil Practice Act, a party cannot be adjudged in contempt nor can his pleading be stricken out unless a subpœna was so served.  If a subpœna is to be required for all purposes, however, there seems to be little value in permitting or requiring the notice to be served on the attorney, and the new procedure has failed of its boasted simplicity.  I doubt if a double service was intended and, if not, the plaintiff's unexcused disregard of the notice should not be allowed to impair the defendant's rights.  Accordingly all proceedings on the part of the plaintiff except to review this order are hereby stayed until the plaintiff shall have submitted himself to examination pursuant to the defendant's notice, after giving five days' notice of his intention so to do.

Ordered accordingly.